UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED HARRIS,<br>    Petitioner,<br>    v.<br>SUPREME COURT OF CALIFORNIA,<br>    Respondent. | NO. CV 17-6570-VBF (AGR)<br><br>ORDER TO SHOW CAUSE |

    Petitioner, a state inmate, has filed a petition for writ of habeas corpus on California form MC-275, which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

    The court therefore orders Petitioner to show cause on or before **November 20, 2017** why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.
# **PROCEDURAL BACKGROUND**

In 1996, a Los Angeles County Superior Court jury found Petitioner guilty of two counts of robbery and one count of attempted carjacking. He was sentenced to two consecutive terms of 25 years to life in prison, plus 4 years. (Petition at 2.[1]) On February 18, 1998, the California Court of Appeal affirmed in Case No. B104870. (*Id.* at 5.)[2] On April 29, 1998, the California Supreme Court denied a petition for review. *People v. Harris*, 1998 Cal. LEXIS 2851 (1998).

The Court takes judicial notice of online public records of the trial court (www.lacourt.org). On March 13, 2017, Petitioner filed a state habeas petition in his criminal case (No. BA122438). The court addressed the petition on May 5, 2017.

Although Petitioner states that a petition was filed in the California Court of Appeal, the exhibit refers to a habeas petition filed in the California Supreme Court. (Petition at 6 & Exh. C.) The online appellate database does not reflect any habeas petitions filed by Petitioner in the California Court of Appeal. On June 12, 2017, Petitioner filed a habeas petition in the California Supreme Court. That court denied relief on August 9, 2017, stating: "See *In re Robbins* (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]." (Petition at 6 & Exh. C); *In re Harris*, 2017 Cal. LEXIS 6285 (2017).

On August 30, 2017, Petitioner constructively filed the current petition. (*See* Petition at 16 (date on back of envelope).)

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header.

[2] The Court takes judicial notice of public records of the state courts (http://appellatecases.courtinfo.ca.gov/). The docket reflects that the judgment was affirmed in full.

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.  The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner's conviction became final on Tuesday, July 28, 1998, 90 days after the California Supreme Court denied review on April 29, 1998. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations expired one year later, on July 28, 1999. Absent tolling, the Petition is over seventeen years late.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner cannot benefit from tolling for his 2017 state habeas petitions, for he did not file them until after the limitations period had expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**B.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim. 28 U.S.C. § 2244(d)(1)(D). The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner

realizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner states: "My public defender failed me in his investigative duties. Instead of obtaining my arrest report, to use as evidence, he told me that it was quote, missing." (Petition at 3.)

Petitioner states that he "recently" came into possession of the missing arrest report through a private investigator. (*Id.* at 5-6.) He argues that the police report establishes that he was not Mirandized and that the handgun and jewelry should have been suppressed. The attached arrest report completely contradicts Petitioner's argument. It describes the victims' report of an armed robbery on July 16, 1995. According to the report, police subsequently conducted a traffic stop of a vehicle. As one officer approached the passenger side, he saw the gun lying on the front passenger floor board where Petitioner was sitting. Petitioner, a second suspect and a witness in the car were taken to the station and the second suspect was transferred to juvenile hall. (*Id.* at 12-13.) The report states that, while conducting a booking search at the police station, police found jewelry and cash in Petitioner's front pocket. The gun recovered from the floor board was loaded with five live rounds of ammunition. Petitioner and the second suspect "refused to talk" with officers. (*Id.* at 13.)

The predicate facts of Petitioner's arrest were known to Petitioner long before his conviction became final. The factual predicate of his claim could have been discovered through exercise of due diligence at the time of trial. *See Ford v. Gonzalez*, 683 F.3d 1230, 1235-36 (9th Cir. 2012). Petitioner offers no explanation as to why he waited over 17 years to obtain the report. The Petition remains time barred.

**C.    Actual Innocence**

"[A]ctual innocence, if proved, serves as a gateway through which a

petitioner may pass . . . the impediment . . . of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) and citing *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is 'demanding' and seldom met)).

To satisfy the standard, a petitioner must present "'new reliable evidence.'" *House*, 547 U.S. at 537. Based on all the evidence, both old and new, "the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* at 538 (citation omitted). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*

Petitioner does not meet the "stringent showing" required by actual innocence. The police report, even assuming it is new evidence, does not support actual innocence for the reasons set forth above. Petitioner has failed to "persuade[] the . . . court that, in light of the [allegedly] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928; *see Hermanski v. Baca*, 649 Fed. Appx. 386, 387 (9th Cir. 2016).

**D.    Equitable Tolling**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634(2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S.

5

408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"' and '"the extraordinary circumstances" were the cause of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

Because Petitioner fails to show that he exercised due diligence or that an extraordinary circumstance prevented a timely filing, Petitioner would not be entitled to equitable tolling. *See Ford*, 683 F.3d at 1238.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before **November 20, 2017,** Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to this order to show cause by November 20, 2017, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations**.

DATED: October 20, 2017

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

6